The undersigned respectfully dissents from the Opinion and Award awarding Joli Evans benefits in this matter. The majority awards Ms. Evans benefits as a widow, even though Ms. Evans was not legally married to decedent, John Muller, nor did they have a legally recognizable common law marriage.
Initially, it is important to note that North Carolina does not recognize common law marriage as a matter of public policy. Therefore, common law marriage was not contemplated when our statutes were crafted by the legislature. Under the law, "a widow, a widower and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee." N.C. Gen. Stat. § 97-39. In all other circumstances, the Industrial Commission shall determine whole or partial dependency. Id.
The evidence in this case fails to show that Ms. Evans was married to the decedent at the time of his death. Ms. Evans testified that she did not marry the decedent because of many problems which would have to be rectified prior to marriage, including problems with drugs, rehabilitation, incarceration, and the objections of her family. Ms. Evans' testimony in regards to the alleged marriage is inconsistent. In fact, Ms. Evans testified that the decedent asked her to marry him on two separate occasions, which she declined. This clearly proves that she did not consider herself already married to the decedent. To reject a marriage proposal (for reasons including drug use) and later claim you were already married at the time of the proposal is preposterous.
The majority errs in its determination that the Industrial Commission is bound to find that a common law marriage existed because of the stipulation that Ms. Evans and the decedent held themselves out as husband and wife. The law requires more than holding out for a common law marriage to be valid, and Ms. Evans has failed to show that the parties were regarded as husband and wife. In fact, the decedent had two children with another woman during the time that he and Ms. Evans were together. In no way do these circumstances convey to society that these persons have committed themselves to each other in the same manner as holy matrimony. The stipulation does not satisfy the elements of common law marriage in South Carolina, and is not a conclusion of law.
As Ms. Evans was not married to the decedent, under the Workers' Compensation Act, she would be required to show that she was dependent upon the decedent. Ms. Evans has not shown she was wholly dependent upon the decedent. In fact, during times when the decedent was incarcerated or in an in-patient rehabilitation facility, Ms. Evans supported herself and her two children without any assistance from the decedent.
Joli Evans was not the widow of or wholly dependent on the decedent at the time of his death. Accordingly, I believe that the Opinion and Award of Deputy Commissioner Gregory should be affirmed.
This the 12th day of October, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN